UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

NICHOLAS JAMELE, individually,

     Plaintiff,

v.

AUDUBON FINANCIAL BUREAU, LLC,
a Delaware limited liability company, and
ADAM D. MARCH, individually,

     Defendant.

_____/

**COMPLAINT FOR DAMAGES UNDER 15 U.S.C. § 1692 *et seq.***
**THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")**
**JURY DEMAND**

1.    Plaintiff, NICHOLAS JAMELE, alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  In sum, Defendant, AUDUBON FINANCIAL BUREAU, LLC, has engaged in collection activity in Florida without first properly registering with the State of Florida.  *See* Fla. Stat. § 559.553.   Making matters worse, Defendants left multiple vile, threatening messages on Plaintiff's cellular telephone, which falsely implied that there would be criminal implications if Mr. Jamele did not return Defendants' telephone calls. Plaintiff maintains that Defendant's actions are unconscionable, criminal and have resulted in great emotional distress to Plaintiff.  *See* Fla. Stat. § 559.785 stating that

it is a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering."

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides in Broward County and Defendants conduct their unlawful business in this District.

## PARTIES

3.     Plaintiff, NICHOLAS JAMELE, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant, AUDUBON FINANCIAL BUREAU, LLC ("AUDUBON"), is a Delaware limited liability company conducting business from offices located at 200 John James Audubon Parkway, Suite 301, Amherst, New York 14228.

5.     Defendant ADAM D. MARCH ("MARCH") is a member-manager and/or shareholder of AUDUBON and upon information and belief oversees its day-to-day operations.  *See  generally*, *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 440-41 (6th Cir. 2008).

6.     MARCH is a natural person, and citizen of the State of New York, residing at 66 Golden Pheasant Drive, Getzville, New York 14068.

2

7.     Defendant AUDUBON is not registered as a "Consumer Collection Agency" as required by Florida law.

8.     Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of defaulted upon consumer debts.

9.     At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

10.     With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

11.     Defendants sought to collect an alleged debt from Plaintiff arising from Plaintiff's use of credit card issued to and used by Plaintiff for personal,

family or household purposes, including but not limited to, the purchase of such things as clothes, groceries, personal gifts, and travel-related expenses.

12.    That Plaintiff left multiple, vile messages on Plaintiff's cellular telephone which falsely implicated that there would be criminal repercussions if Plaintiff did not immediately return Defendants' telephone calls.

13.    That Florida law specifically and unequivocally states: *[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.*  Fla. Stat. § 559.553(1).

14.    That based upon an online license search conducted on March 20, 2012 at the website maintained by the Florida Office of Financial Regulation, Defendant is not licensed to collect consumer debts in the State of Florida.

15.    That Plaintiff maintains that Defendants' debt collection activities taken against him over the past year were in direct violation of the FDCPA.

16.    The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

<u>**COUNT I**</u>
<u>**FAILURE TO OBTAIN A DEBT COLLECTION LICENSE AS MANDATED BY FLA. STAT. § 559.553 AND IN VIOLATION OF 15 U.S.C. § 1692e**</u>

17.    Plaintiff incorporates Paragraphs 1 through 16.

18.    Defendant AUDUBON's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated various provisions of the Fair Debt Collection Practices Act, including the following: 15 U.S.C § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10). *See generally*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.    Damages, both statutory and actual;

b.    Attorney's fees, litigation expenses and costs of the instant suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE FDCPA BY HARASSING CONSUMER

19.    Plaintiff incorporates Paragraphs 1 through 16.

5

20.     Defendants violated the Fair Debt Collection Practices Act by falsely or deceptively implying that there would be criminal implications if he did not immediately return Defendants' phone calls; consequently, Defendant has violated 15 U.S.C. § 1692d, 15 U.S.C. § e(10), 1692d(1), and 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.     Damages, both statutory and actual;

b.     Attorney's fees, litigation expenses and costs of the instant suit; and

c.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 21st day of May, 2012.


By:/s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Telephone: 954-589-0588

Facsimile: 954-337-0666
scott@scottdowens.com